**LAW OFFICES OF**
**Susan M. Benson & Associates, LLP**
**Susan M. Benson, State Bar # 146837**
**6345 Balboa Blvd., Bldg 4, Suite 384**
**Encino, CA 91316**
**818-708-1250**
**sbenson@bensonlegal.net**

File No. BF7017
ATTORNEY FOR PLAINTIFF, FARMERS INSURANCE EXCHANGE

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SACRAMENTO

FARMERS INSURANCE EXCHANGE,
Plaintiff,

vs.

UNITED STATES DEPARTMENT OF AGRICULTURE; and DOES I through 10, inclusive,
Defendant(s).

CASE NO. C 12 6261 JSC

**DECLARATION OF SUSAN M. BENSON IN SUPPORT OF PLAINTIFF'S REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE AND NOTICE OF CONDITIONAL DISMISSAL**

**Case Management Conference**
**Date: January 9, 2014, 1:30 p.m.**

**Honorable Jacqueline Scott Corley**

I, Susan M. Benson state and declare as follows:

1. I am an attorney at law duly licensed to practice law before this Court. I am the managing partner at Susan M. Benson & Associates, LLP, attorneys for Plaintiff in the within matter. I make this declaration to explain why Plaintiff has not yet filed a dismissal of this action due to the settlement that Plaintiff entered into with the Defendant United States Department of Agriculture represented by Marnie Ganotis, United States Department of Agriculture, Office of the General Counsel. All of the facts set

forth herein are within my personal knowledge and if I were called to testify regarding these matters, I could and would competently do so.

2. This matter settled on or before April 2, 2013. I caused to be filed a Notice of Settlement with the Court advising the Court that it was my intention to file a dismissal of the within action no later than June 30, 2013.

3. In that Notice to the Court, I advised that the Defendant required a non-party, the Plaintiff's insured, to sign off on the release. In my prior Declaration to continue the Case Management Conference, I advised the court of the following:

4. The within claim is a subrogation action for property damages only that the Plaintiff paid to its insured, the registered owner of the vehicle, as a result of an automobile accident between the Defendant and a permissive user of the Plaintiff's insured. It is understandable that the Defendant would want to make sure that the Defendant would not be sued by the Plaintiff's insured, registered owner for the same property damages that the Plaintiff alleged in this action and ultimately settled with the Defendant. Accordingly, it is standard operating procedure for subrogating carriers to obtain a signature from their insured to confirm that the insured will not sue for the same damages that they were already paid for by the Plaintiff and which is being settled in the within matter.

5. However, the Defendant also mandated that the permissive driver (not Plaintiff's insured) sign off on the release even though the permissive driver was not the registered owner of the vehicle and had no claims for property damages. This release also waived any claims for personal injuries which is a complete and separate cause of action, distinct from any alleged in the within action. The Defendant's counsel expected me to obtain a waiver and release of all personal injury claims from a non-insured and an individual that I do not represent in violation of State Bar ethics and rules in order to complete this settlement. I refused to do so since I did not represent the driver nor am I permitted by my client to

represent any insureds or permissive drivers in personal injury actions that might arise from any incidents where my client is required to pay property damage claims to its insured.

6. As a result of my refusal to provide a contractual waiver and release to an individual that I do not represent for signature, the Defendant advised that it could not finalize the settlement. As such, I am unable to file the dismissal of this action.

7. The statute of limitations for all personal injury claims to be filed with the Defendant expired on November 10, 2013. The Defendant's counsel and I agreed that if no claim was filed by the permissive driver of my insured's vehicle before the statute of limitations ran on 11/10/2013, then the Defendant would complete the settlement.

8. Upon the expiration of the Statute of Limitations and after due diligence in checking court records for other actions, Defendant's counsel provided me with a new set of settlement documents on December 6, 2013 (notwithstanding that prior settlement documents had been signed by my client upon the initial settlement of this matter). Those settlement documents were signed quickly and forwarded to defense counsel on December 9, 2013.

9. As of today's date, my office has not yet received the settlement funds. Because this is a federal government entity, it is anticipated that payment could take up to 6 months.

Accordingly, it is hereby requested that the Case Management Conference be continued until May, 2014 in order to complete the settlement. If the Court does not wish to continue this matter for this purpose, then request is hereby made that the Case Management Conference be continued until a date sufficient to provide the Defendant with sufficient notice to answer the complaint and go forward with this litigation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 6th day of January, 2014.

/s/

Susan M. Benson

The case management conference is continued to May 15, 2014 at 1:30 p.m., an updated case management conference statement shall be filed by May 8, 2014.

Dated: January 8, 2014

